## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PAMELA WARNER, In Her Own Right, and on Behalf of All Others Similarly Situated** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | **NO.  08-260** |
| **ORLEANS HOME BUILDERS, INC., ORLEANS HOMES, OHB HOMES, INC., and OHB** | : | |
| **Defendants.** | : | |

## <u>ORDER AND MEMORANDUM</u>

### <u>ORDER</u>

**AND NOW**, this 7th day of May, 2008, upon consideration of Defendants' Motion to Dismiss Count II of Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. No. 6, filed March 12, 2008), Plaintiff's Reply to Defendants' Motion to Dismiss Count II of the Complaint (Doc. No. 9, filed March 27, 2008), and Defendants' Reply Memorandum in Support of Their Motion to Dismiss Count II of Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. No. 11, filed April 4, 2008), for the reasons stated in the attached Memorandum, **IT IS ORDERED** that Defendants' Motion to Dismiss Count II of Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) is **GRANTED** and Count II of Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

<u>MEMORANDUM</u>

I.   **BACKGROUND**

A.   **Factual and Procedural Background**

Defendants Orleans Homebuilders, Inc. and OHB Homes, Inc. build new homes in various communities in Pennsylvania and other states for sale to the general public.[1]  Compl. ¶¶ 5, 30.  Plaintiff Pamela Warner was employed by defendants as a "community sales manager" and "assistant sales manager" in their Philadelphia, Pennsylvania office from 1987 through September 28, 2007.  Compl. ¶ 4.

On January 15, 2008, plaintiff filed a Complaint against defendants.  The Complaint is framed as a "collective action" under the Fair Labor Standards Act ("FLSA") and a class action under the Pennsylvania Wage Payment and Collection Law ("WPCL").  Compl. ¶¶ 1, 3; Counts I, II.  In the FLSA claim, plaintiff asserts that defendants illegally failed to compensate community sales managers, sales assistants, and sales associates "employed by defendants throughout several states, excluding the State of New Jersey," for hours worked in "overtime."[2] Compl. ¶ 1-2, Count I.  Plaintiff's WPCL claim likewise alleges that defendants failed to pay employees for overtime work, but seeks relief only on behalf of a "subclass" of defendants' employees - those community sales managers, sales assistants, and sales associates employed by

---

[1]  In the Motion to Dismiss, defendants note that Orleans Homebuilders, Inc. was incorrectly identified as "Orleans Home Builders, Inc." in the Complaint and that "Orleans Homes" and "OHB," also named as defendants in the Complaint, are not legal entities.  Mem. of Law in Support of Mot. to Dismiss at 2 n.2.  The parties are directed to correct the caption and the Complaint by stipulation.

[2]  Plaintiff has filed a similar class action complaint in New Jersey, alleging violations of the FLSA and state wage and hour laws.  <u>See</u> <u>Donahue, et al. v. Orleans Homebuilders, Inc., et al.,</u> 1:08-cv-661-JBS-JS (D.N.J.).

defendants in Pennsylvania.  Compl. ¶ 3, Count II.

According to the Complaint, "the average hourly commitment per work week" was 50 hours for a community sales manager or sales associate and 45 hours for a sales assistant. Compl. ¶¶ 31-33.  The method of compensation for such employees was "based upon 'commission' as defined by the company."  Compl. ¶ 34.  Plaintiff alleges that these employees did not receive compensation for overtime work and in fact were "specifically instructed" by the company "to fill in time cards suggesting that [they] worked eight hours per day in a five day work week and/or 40 hours in a given work week and . . . not to reveal or set down that they had worked in excess of 5 days and/or 40 hours in a given work week."  Compl. ¶ 37.  Plaintiff further alleges that defendants told their employees that this manipulation of time cards was for "'accounting' or for 'bookkeeping' purposes," and never advised the employees that "they had wage and hour and/or [F]air [L]abor [S]tandard [A]ct rights applicable to this issue," nor that "they were being instructed to impair those rights by falsifying work records."  Compl. ¶ 38.

Based on these allegations, plaintiff seeks, *inter alia*, "an award of compensation for all overtime payments not made to class and subclass members during the actionable period" and "an award of 'liquidated damages' under the FLSA and [WPCL], as defined by those statutes." Compl. at 8.

**B.**   **Summary of the Filings**

**1.**   **Defendants' Motion to Dismiss Count II of Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) ("Defendants' Motion to Dismiss")**

In their Motion to Dismiss, defendants ask the Court to dismiss plaintiff's claims pursuant to the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, *et seq.*,

because, defendants argue, "plaintiff has not alleged any circumstances under which she could obtain recovery."  Mot. at 1.  Defendants contend that Count II "fails as a matter of law because plaintiff does not allege, nor could she allege, a contract pursuant to which she is owed earned but unpaid compensation."  Mem. of Law in Support of Mot. to Dismiss ("Mem.") at 1.  It is defendants' position that the WPCL "does not create a substantive right to compensation," but rather "is a vehicle for enforcing agreements between employer and employee pursuant to which compensation has been earned but is unpaid."  Id.

In arguing that Count II should be dismissed, defendants first note that plaintiff never alleges in the Complaint that she or other putative class members are owed earned but unpaid compensation under any express contract with defendants or under a collective bargaining agreement.  Mem. at 3-4.  Thus, defendants argue, plaintiff and the proposed class's "only hope of succeeding under the WPCL is on an implied oral contract theory."  Id. at 4.  Defendants point out, however, that "there are no allegations of any kind of an implied oral contract in the Complaint under which compensation was earned and remains unpaid."  Mem. at 4.  Finally, defendants contend that "a claim of an implied contract is not suitable for class treatment, as it is 'well-settled' in the Third Circuit [] that, 'as a general rule, an action based substantially on oral rather than written communications is inappropriate for treatment as a class action.'"  Id. at 4 n.4 (citing Johnson v. HBO Film Mgmt., Inc., 265 F.3d 178, 190 (3d Cir. 2001)).

**2.    Plaintiff's Reply to Defendants' Motion to Dismiss Count II of the Complaint ("Plaintiff's Reply")**

In opposing Defendants' Motion to Dismiss, plaintiff first argues that the WPCL does not require the existence of a contract.  Pl.'s Br. in Opp'n at 2.  Plaintiff admits that defendants are

correct that the WPCL does not itself "create an employee's substantive right to compensation." Id. (citing Banks Eng'g Co., Inc. v. Polons, 697 A.2d 1020, 1024 (Pa. Super. 1997)).  However, plaintiff contends that the WPCL provides "a vehicle for enforcement of *any* legal right to 'wages' and the substantive rights it enforces are not restricted to those created by contract." Pl.'s Br. in Opp'n at 2 (emphasis original).  On this issue, plaintiff cites Signora v. Liberty Travel, Inc., 886 A.2d 284 (Pa. Super. 2005), in which the Pennsylvania Superior Court stated that "the provisions of the WCPL are analogous to the protections of the [FLSA], which *also* provides a mechanism for employee enforcement of minimum wage and wage collection laws." Pl.'s Br. in Opp'n at 2 (emphasis original) (citing Signora, 886 A.2d at 296).  From this, plaintiff concludes that the WPCL is a valid mechanism for enforcing her statutory rights to overtime pay conferred by the Pennsylvania Minimum Wage Act, 43 P.S. § 333.104(c) ("PMWA").  Pl.'s Br. in Opp'n at 2-3.

In the alternative, plaintiff argues that, "[a]ssuming *arguendo* that the WPCL requires the 'predicate' of a 'contractual' violation, plaintiff has sufficiently alleged the violation of an implied contract."  Id. at 3.  First, plaintiff asserts that she "has alleged that her relationship with her employer required her to work overtime" and that she was compensated for overtime hours "at a legally insufficient rate."  Id. at 4 (citing Compl. ¶¶ 31-36).  Further, plaintiff argues, "she has alleged that the requirement of overtime was not only known to defendants, but that defendants" required employees to falsify their time cards, "specifically to 'cover up' their failure to make legally required payments."  Pl.'s Br. in Opp'n at 4 (citing Compl. ¶¶ 37-39).  Finally, plaintiff asserts that "[t]hese acts of defendants provide a clear and legitimate inference that an implied contract existed between the parties wherein the employee provided a service for which

the employer acknowledged, but attempted to evade, an obligation to pay."  Pl.'s Br. in Opp'n at

4.  Thus, plaintiff concludes, she has sufficiently alleged an implied contract for purposes of

making a WPCL claim.  Id.

**3.      Defendants' Reply Memorandum in Support of Their Motion to Dismiss Count II of
         Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) ("Defendants' Reply
         Memorandum")**

        In their Reply Memorandum, defendants respond to each of plaintiff's arguments.  First,

defendants argue that the WPCL unequivocally requires the existence of a contract.  Defs.'s

Reply Mem. at 2-3.  Defendants note that, in her Reply, plaintiff herself quoted the court in

Dardaris v. Dental Organization for Conscious Sedation, 2007 WL 1300235 (E.D. Pa. May 3,

2007) as stating that "the nucleus of a []WPCL claim is a contractual obligation - either oral,

written, or implied - for services rendered."  Defs.' Reply Mem. at 2 (citing Pl.'s Br. in Opp'n at

3-4 (quoting Dardaris, 2007 WL 1300235, at *5)).  Further, defendants point out that Signora,

also cited by plaintiff, similarly held that the WPCL "only establishes an employee's right to

enforce payment of wages and compensation to which an employee is otherwise entitled by the

terms of an agreement."  Defs.' Reply Mem. at 2 (citing Signora, 886 A.2d at 296).  On the basis

of these and other cases, defendants conclude that "a statutory right under the PMWA could not

support a WPCL claim absent a contract."  Defs.' Reply Mem. at 3.

        Defendants then turn to plaintiff's second argument - that her complaint sufficiently

alleges an implied contract - and argue that the Complaint fails to allege an enforceable contract

under the WPCL.  Defs.' Reply Mem. at 3-4.  Defendants first point out that the Complaint does

not mention the word "contract" or "agreement."  Defs.' Reply Mem. at 4.  Defendants next

argue that plaintiff's allegations that defendants instructed their employees to falsify their time

6

cards to obscure any overtime hours worked, far from showing that there was an implied contract between the parties for overtime compensation, "would clearly show that the defendants never agreed to pay for hours worked in excess of 40 per week, and accordingly never had intent to agree to an implicit contract." Id. On this issue, defendants note that in Barvinchak v. Indiana Regional Medical Center, 2007 WL 2903911, at *10 (W.D. Pa. Sept. 28, 2007), the court dismissed the plaintiff's WPCL claim because "the employer had never made any promises regarding overtime hours and had never compensated the plaintiff for unreported hours," and thus displayed no intent to pay overtime. Defs.' Reply Mem. at 4. It is defendants' position that the Court here should similarly dismiss plaintiff's WPCL claim because there was no agreement, explicit or implied, that defendants would compensate employees for overtime work. Defs.' Reply Mem. at 4-5.

## II.    LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that, in response to a pleading, a defense of "failure to state a claim upon which relief can be granted" may be raised by motion. In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the Court "accept[s] all factual allegations as true, construe[s] the complaint in the light most favorable to the plaintiff, and determine[s] whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotations omitted). "To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level . . . .'" Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007)). In other words, a

7

complaint must contain "enough factual matter (taken as true) to suggest" the elements of the claims asserted.  Phillips, 515 F.3d at 234;  cf. 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, 235-236 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.") (quoted in Twombly, 127 S.Ct. at 1965).

**III.     DISCUSSION**

The Court concludes that FLSA collective actions are incompatible with Rule 23 state-law class actions for overtime pay and the two types of actions cannot be included in a single lawsuit in federal court.  See, e.g., Ramsey v. Ryan Beck & Co., Inc., 2007 WL 2234567 (E.D. Pa. Aug. 1, 2007) (Joyner, J.).  Further, in light of the Third Circuit's precedent in De Asencio v. Tyson Foods, Inc., 342 F.3d 301 (3d Cir. 2003), the Court concludes that it would be an abuse of discretion to exercise supplemental jurisdiction over plaintiff's WPCL claim.  For these reasons, the Court will grant Defendants' Motion to Dismiss Count II of the Complaint in which plaintiff asserts a WPCL claim.  Thus, while the parties focus their arguments on whether or not the Complaint alleges an enforceable right to overtime pay under the WPCL, because the Court dismisses Count II of the Complaint on other grounds, it does not reach that issue.

**A.     Incompatibility of FLSA Collective Actions and Rule 23 State-Law Class Actions**

In 1938, Congress enacted the Fair Labor Standards Act to govern wage and hour practices.  The FLSA establishes a minimum hourly wage, 29 U.S.C. § 206, and requires employers to pay one and one-half times the employee's regular rate of pay for hours worked in excess of forty hours per week, 29 U.S.C. § 207.  Employers who violate these provisions are "liable to the employee or employees affected in the amount of their unpaid minimum wages, or

their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."  29 U.S.C. § 216(b).

In response to a flood of litigation under the FLSA, Congress passed the Portal-to-Portal Act in 1947, in which it attempted to "strike a balance to maintain employees' rights but curb the number of lawsuits."  De Asencio, 342 F.3d at 306.  Under the Portal-to-Portal Act, employees asserting FLSA overtime claims against their employers cannot bring traditional opt-out class actions, see Fed. R. Civ. P. 23, but rather are limited to bringing "collective actions," in which an employee "only becomes a member of the action if he affirmatively 'opts-in' to the action." Hyman v. WM Financial Services, Inc., 2007 WL 1657392, at *2 (D.N.J. June 7, 2007) (citing 29 U.S.C. § 216(b)).  In mandating opt-in collective actions for FLSA overtime actions, Congress sought to "limit[] private FLSA plaintiffs to employees who asserted claims in their own right," and thus curb the "excessive litigation spawned by plaintiffs lacking a personal interest in the outcome."  Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165, 173 (1989).

The Third Circuit has called Congress's imposition of an opt-in requirement for FLSA collective actions a "crucial policy decision."  De Asencio, 342 F.3d at 311.  Within the Third Circuit, numerous courts have held that opt-in FLSA collective actions are "inherently incompatible" with opt-out Rule 23 state-law class actions because permitting a Rule 23 class action to proceed in the same suit with a FLSA collective action would "essentially nullify Congress's intent in crafting Section 216(b) and eviscerate the purpose of Section 216(b)'s opt-in requirement."  Otto v. Pocono Health System, 457 F. Supp. 2d 522, 524 (M.D. Pa. 2006) (internal citations omitted).  Thus, these courts have held that the two types of actions cannot be brought simultaneously in federal court in a single lawsuit.  See, e.g., Ramsey, 2007 WL

9

2234567 (E.D. Pa. Aug. 1, 2007) (Joyner, J.); Otto, 457 F. Supp. 2d 522 (M.D. Pa. 2006);

Herring v. Hewitt Associates, Inc., 2006 WL 2347875 (D.N.J. Aug. 11, 2006).  But see, e.g., Di

Nardo v. Ned Stevens Gutter Cleaning & Installation, Inc., 2008 WL 565765 (D.N.J. Feb. 28,

2008); Lehman v. Legg Mason, Inc., 532 F. Supp. 2d 726 (M.D. Pa. 2007).

The Court agrees with the courts in Ramsey, Otto, and Herring that FLSA collective

actions for overtime pay are "inherently incompatible" with Rule 23 state-law class actions for

overtime pay and that allowing the two types of actions to proceed in federal court in a single suit

would undermine Congress's intent in implementing an opt-in requirement for FLSA collective

actions.  Thus, plaintiff cannot bring her FLSA collective action and her WPCL class action

together in this suit.

**B.**     **Supplemental Jurisdiction**

Under 28 U.S.C. § 1367, "[d]istrict courts may decline to exercise supplemental

jurisdiction where: (1) the claim raises a novel or complex issue of State law, (2) the claim

substantially predominates over the claim or claims over which the district court has original

jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction,

or (4) in exceptional circumstances, there are other compelling reasons for declining

jurisdiction."  De Asencio, 342 F.3d at 309 (citing 28 U.S.C. § 1367(c)(1-4)).

In De Asencio, the Third Circuit applied this test and held that a district court abused its

discretion in exercising supplemental jurisdiction over a WPCL class action brought

simultaneously with a FLSA collective action.  De Asencio, 342 F.3d at 312.  The Court focused

primarily on 28 U.S.C. § 1367(c)(2) and explained that, in determining if a state law claim

substantially predominates over a federal claim, a court should "examine the scope of the state

10

and federal issues, the terms of proof required by each type of claim, the comprehensiveness of the remedies, and the ability to dismiss the state claims without prejudice." Id. at 312 (citing United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)). The De Asencio court found that the WPCL claim substantially predominated over the FLSA claim for several reasons, including (1) the fact that the plaintiff employees, who did not work under an employment contract or collective bargaining agreement, would "have to establish the formation of an implied contract between Tyson and its employees" for the WPCL claim, while such proof was not necessary under the FLSA; and (2) Congress's "express preference for opt-in actions for the federal cause of action" and the fact that the scope of the WPCL opt-out class action was potentially much greater than that of the FLSA action. De Asencio, 342 F.3d at 309-11.

The Court also considered the case under 28 U.S.C. § 1367(c)(1), which provides that a district court may decline to exercise supplemental jurisdiction where the state law claim raises a novel or complex issue of state law. The Court noted that the Pennsylvania courts had not yet addressed "two novel and complex questions of state law" presented by the WPCL claim - "whether a WPCL action may rest on an implied employment contract that relies on alleged oral representations by Tyson managers; and whether the WPCL pertains to at will, non-collective bargaining employees" - and concluded that the resolution of those issues was better left to the state courts. De Asencio, 342 F.3d at 311. Under the totality of these circumstances, the Court found that "the District Court did not exercise sound discretion in granting supplemental jurisdiction over the WPCL action." Id. at 312.

In this case, it would be an abuse of discretion for the Court to exercise supplemental jurisdiction over the WPCL claim for many of the reasons set forth by the Third Circuit in De

11

Asencio.  First, as in De Asencio, the WPCL claim would substantially predominate over the

FLSA collective action.  Because plaintiff's overtime claims are based on an implied oral

contract between defendants and their employees, the terms of proof required by the WPCL

would be more extensive than the proof required by the FLSA.  As explained by the court in De

Asencio:

> "In cases involving implied contracts of employment, the litigant will be able to reach
> the jury only if he can clearly show that he and the employer intended to form a
> contract."  DiBonaventura v. Consol. Rail Corp., 372 Pa. Super. 420, 539 A.2d 865,
> 868 (1988).  Because the FLSA claim does not require an intent to form a contract,
> individual questions of implied contract formation with respect to each member of
> the WPCL class might conceivably predominate over the issues common to the
> claims of the FLSA plaintiffs.

Id. at 311.[3]  Further, Congress has not changed the opt-in requirement for FLSA collective

actions and allowing plaintiff to bring a Rule 23 opt-out state law class action in the same suit as

her FLSA collective action would undermine Congress's "crucial policy decision" mandating

opt-in collective actions to "limit the scope of representative actions for overtime pay" under the

FLSA.  Id. at 310-11.  Finally, the Court can dismiss plaintiff's state-law claim without prejudice,

so that she may file her WPCL class action in state court, "so long as the statute of limitations

has not yet run."  Ramsey, 2007 WL 2234567, at *4.  Each of these factors weighs in favor of

declining to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(2).

---

    [3]  Plaintiff argued in her Reply that a contract is not a prerequisite for recovery under the
WPCL.  Pl.'s Reply at 3.  However, the Third Circuit has held the opposite: "The WPCL 'does
not create a right to compensation . . . [r]ather, it provides a statutory remedy when the employer
breaches a contractual obligation to pay earned wages.  The contract between the parties governs
in determining whether specific wages are earned.'"  De Asencio, 342 F.3d at 309 (citing Antol
v. Esposito, 100 F.3d 1111, 1117 (3d Cir. 1996)).

Second, as in <u>De Asencio</u>, this case presents a novel and complex issue of state law, which "weighs in favor of declining supplemental jurisdiction." <u>De Asencio</u>, 342 F.3d at 311; 28 U.S.C. § 1367(c)(1).  Specifically, as noted in <u>De Asencio</u>, and more recently in <u>Ramsey</u>, the "Pennsylvania courts have yet to address . . . whether the WPCL pertains to at-will, non-collective bargaining employees." <u>Ramsey</u>, 2007 WL 2234567, at *4; <u>see also</u> <u>De Asencio</u>, 342 F.3d at 311.  The resolution of this issue is "better left to the Pennsylvania state courts," <u>De Asencio</u>, 342 F.3d at 311, and thus this Court will decline to exercise supplemental jurisdiction over plaintiff's WPCL claim.

**IV.**      **CONCLUSION**

The Court concludes that FLSA collective actions are incompatible with Rule 23 state-law class actions for overtime pay and the two types of actions cannot be brought together in a single lawsuit in federal court.  Further, in light of the Third Circuit's precedent in <u>De Asencio v. Tyson Foods, Inc.</u>, 342 F.3d 301 (3d Cir. 2003), the Court determines that it would be an abuse of discretion to exercise supplemental jurisdiction over plaintiff's WPCL claim.  For these reasons, the Court grants Defendants' Motion to Dismiss and dismisses Count II of the Complaint without prejudice.

**BY THE COURT:**

**/s/ Honorable Jan E. DuBois**
         **JAN E. DuBOIS, J.**